**HILLIARD MARTINEZ GONZALES, LLP**
**T. CHRISTOPHER PINEDO** (California Bar No. 237245)
**ROBERT C. HILLIARD** (Texas Bar No. 09677700)
(Pro Hac Vice to be Filed)
**MARION M. REILLY** (Texas Bar No. 2409195)
(Pro Hac Vice to be Filed)
**BRADFORD KLAGER** (Texas Bar No. 24012969)
(Pro Hac Vice to be Filed)
719 S. Shoreline Blvd.
Corpus Christi, Texas 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015
Email: cpinedo@hmglawfirm.com
bobh@hmglawfirm.com
marion@hmglawfirm.com
brad@hmglawfirm.com
hmgservice@hmglawfirm.com

**SINGLETON LAW FIRM**
**GERALD SINGLETON** (California Bar No. 208783)
115 W. Plaza Street
Solana Beach, CA 92075
Telephone: (760) 697-1330
Facsimile: (760) 697-1329
Email: geraldsingletonlaw@gmail.com

*Attorneys for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES-CENTRAL DISTRICT**

| | |
|---|---|
| ARIANNA SERNA MAGGIORE, an individual<br><br>*Plaintiff*,<br>vs.<br>MGM RESORTS INTERNATIONAL, A DELAWARE CORPORATION; | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. NEGLIGENCE – Hotel Defendants;<br>2. NEGLIGENCE – Venue Defendants |

COMPLAINT FOR DAMAGES - 1

MANDALAY CORP., A NEVADA
CORPORATION;
MGM RESORTS FESTIVAL
GROUNDS LLC, A NEVADA
LIMITED-LIABILITY COMPANY;
LIVE NATION ENTERTAINMENT,
INC., A CALIFORNIA
CORPORATION;
LIVE NATION GROUP D/B/A
ONENATIONGROUP, LLC, A
NEVADA DOMESTIC LIMITED-
LIABILITY COMPANY;
CONTEMPORARY SERVICES
CORPORATION, A CALIFORNIA
CORPORATION;
ESTATE OF STEPHEN PADDOCK, A
NEVADA RESIDENT; AND
DOES 1 THROUGH 100, INCLUSIVE,

*Defendants*.

3. BATTERY;

4. ASSAULT; and

5. INTENTIONAL INFLICTION OF
   EMOTIONAL DISTRESS

**JURY TRIAL DEMANDED**

## **COMPLAINT**

COMES NOW Plaintiff ARIANNA SERNA MAGGIORE, by and

through her undersigned Counsel, requests a trial by jury and alleges as follows:

### **THE PARTIES**

1.     At all relevant times, Plaintiff ARIANNA SERNA MAGGIORE ("MS.

MAGGIORE") was an individual residing in the County of Contra Costa, State of

California.

2.     At all relevant times, Defendant MGM RESORTS INTERNATIONAL

COMPLAINT FOR DAMAGES - 2

("MGM"), was a corporation duly licensed and incorporated under the laws of Delaware, and believed to be the owner, co-owner, or manager of certain premises commonly referred to as the Mandalay Bay Resort 17 and Casino Las Vegas (hereinafter "Mandalay Bay"), at 3950 South Las Vegas Blvd, Las Vegas, NV 89119, as well as "Las Vegas Village", an open-air concert and event venue across from Mandalay Bay consisting of 15 acres of seating area, and a capacity of 40,000 guests.

3.     At all relevant times, Defendant MANDALAY CORP. was a corporation with minimum contacts in the State of California, duly licensed and incorporated under the laws of Nevada, and as a subsidiary of Defendant MGM, is believed to be the owner, manager and operator of the Mandalay Bay premises.

4.     At all relevant times, Defendant MGM RESORTS FESTIVAL GROUNDS LLC (hereinafter, "MGM RESORTS FESTIVAL") was a limited liability company with minimum contacts in the State of California, duly licensed and incorporated under the laws of Nevada, and believed to be the owner, co-owner, or manager of certain premises commonly referred to as Las Vegas Village, at 3901 South Las Vegas Boulevard, Las Vegas, Nevada 89119, where the Route 91 Harvest Festival was held in September and October 2017.

5.     At all relevant times, Defendant LIVE NATION ENTERTAINMENT, INC. ("LIVE NATION") was a corporation duly licensed and incorporated under

COMPLAINT FOR DAMAGES - 3

the laws of Delaware, with its principal place of business located in the County of Los Angeles, State of California, and believed to be the concert and event promoter of the Route 91 Harvest Festival at Las Vegas Village in September and October 2017.

6.     At all relevant times, Defendant LIVE NATION GROUP d/b/a ONENATIONGROUP, LLC ("ONENATIONGROUP") was a limited liability company with minimum contacts in the State of California, duly licensed and incorporated under the laws of Nevada, and believed to be the concern and event promoter of the Route 91 Harvest Festival at the Las Vegas Village in September and October 2017.

7.     At all relevant times, Defendant CONTEMPORARY SERVICES CORPORATION ("CSC") was a corporation duly licensed and incorporated under the laws of California, with its principal place of business located in the County of Los Angeles, State of California, and believed to be the concern and event security firm for the Route 91 Harvest Festival at the Las Vegas Village in September and October 2017.

8.     At all relevant times, STEPHEN PADDOCK ("PADDOCK") was an individual residing in Clark County, Nevada. PADDOCK was the accused perpetrator of a mass shooting which occurred on October 1, 2017, and which took place from a location within PADDOCK's hotel room at Mandalay Bay into a crowd

COMPLAINT FOR DAMAGES - 4

of concert-goers at the Las Vegas Village venue. PADDOCK is now deceased, resulting in the need to sue the ESTATE OF STEPHEN PADDOCK.

9.     That the true names and capacities whether individual, corporate, associate or otherwise, of the Defendants herein designated as DOES 1 through 100, inclusive, are unknown to Plaintiff at the time of filing this Complaint and, therefore, Plaintiffs sues said Defendants by fictitious names. Plaintiff is informed and believes, and based upon such information and belief, alleges that each of the Defendants designated herein as DOES 1 through 100 is, in some manner and to some extent, legally responsible for the events and happenings herein referred to and proximately caused damages to Plaintiff as herein alleged. Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of such Defendants when same have been ascertained.

10.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, MGM, MANDALAY CORP. and as-yet unidentified DOES 1 through 100 (hereinafter referred to collectively as the "Hotel Defendants") were agents, servants, employees, partners, distributors or joint venturers of each other and that in doing the acts herein alleged, were acting within the course and scope of said agency, employment, partnership, or joint venture. Each and every Defendant aforesaid was acting as a principal and was negligent or grossly negligent in the selection, hiring and training of each and every other Defendant or ratified the

COMPLAINT FOR DAMAGES - 5

conduct of every other Defendant as an agent, servant, employee or joint venture.

11.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, MGM, MGM RESORTS FESTIVAL, LIVE NATION, ONENATIONGROUP, CSC and as-yet unidentified DOES 1 through 100 (hereinafter referred to collectively as the "Venue Defendants") were agents, servants, employees, partners, distributors or joint venturers of each other and that in doing the acts herein alleged, were acting within the course and scope of said agency, employment, partnership, or joint venture. Each and every Defendant aforesaid was acting as a principal and was negligent or grossly negligent in the selection, hiring and training of each and every other Defendant or ratified the conduct of every other Defendant as an agent, servant, employee or joint venture.

## GENERAL ALLEGATIONS

12.    Plaintiff realleges and incorporates by reference, every allegation contained in this Complaint, as though set forth fully herein.

13.    On October 1, 2017, Plaintiff MS. MAGGIORE was an attendee at the Route 91 Harvest Festival, a three-day music festival featuring numerous artists which took place at the Las Vegas Village.

14.    During Jason Aldean's performance, PADDOCK, opened fire into the crowd, which included MS. MAGGIORE and her husband. PADDOCK fired multiple rounds of ammunition into the crowd of people at the Las Vegas Village

COMPLAINT FOR DAMAGES - 6

from his hotel suite on the 32nd floor of Mandalay Bay. MS. MAGGIORE and her husband were forced onto the ground and attempted to take cover; MS. MAGGIORE's husband got on top of MS. MAGGIORE to protect her from the gun fire.  MS. MAGGIORE was struck by bullet casings/bullet fragments, and people all around her got shot.

15.     During an approximately 11-minute stretch of rapid-fire shooting, PADDOCK killed 58 people, and injured hundreds of other concert goers at the Las Vegas Village. Upon information and belief, PADDOCK used bump stocks to fire his weapons rapidly, mimicking automatic fire.

16.     Prior to the shooting, PADDOCK was able to use VIP status conferred on him as a high-stakes gambler, which included exclusive access to a service elevator at Mandalay Bay, to stockpile weapons and ammunition in his hotel suite over the days leading up to the mass shooting.  PADDOCK kept a "Do Not Disturb" sign on his hotel room door for days leading up to the shooting.  Upon information and belief, prior to the commencement of his shooting spree, PADDOCK installed security cameras on his hotel room door, in a service cart, and in the hallway. PADDOCK used the cameras as surveillance and security to thwart law enforcement and prolong his shooting spree.

17.     PADDOCK smashed two windows of his hotel suit and open fire into the crowd of concert-goers at the Las Vegas Village. PADDOCK also shot

COMPLAINT FOR DAMAGES - 7

Mandalay Bay Security Officer Jesus Campos, who was outside PADDOCK's hotel room on the 32nd floor of Mandalay Bay.

18. At all relevant times, Defendants DOES 1 through 100 were as-yet unidentified employees or agents of MGM, MANDALAY CORP., MGM RESORTS FESTIVAL, LIVE NATION, ONENATIONGROUP, CSC, PADDOCK, or some other entity whose acts or omissions are believed to have contributed to the circumstances giving rise to Plaintiff's injuries and damages.  Plaintiff shall seek leave to amend this Complaint upon identification of said DOES, and the establishment of the Estate of Stephen Paddock.

## CLAIMS FOR RELIEF
## NEGLIGENCE – HOTEL DEFENDANTS
*Against Defendants MGM, and/or MANDALAY CORP., and/or DOEs 1 through 100*

19. Plaintiff incorporates by this reference, every allegation contained in this Complaint, as though set forth fully herein.

20. At all relevant times, Defendants MGM, and/or MANDALAY CORP., and/or DOES 1 through 100 had a duty of reasonable care in the protection and safeguarding of persons on all Mandalay Bay premises.

21. Based upon information and belief, Defendants MGM, and/or MANDALAY CORP., and/or DOES 1 through 100 breached their duty of reasonable care by failing to maintain the Mandalay Bay premises in a reasonably

COMPLAINT FOR DAMAGES - 8

safe condition, including but not limited to:  1) failing to properly surveil people coming and going from the hotel; 2) failing to monitor the hotel premises with closed-circuit television (CCTV); 3) failing to timely respond or otherwise act upon PADDOCK's shooting of Mandalay Bay Security Officer Jesus Campos, who had gone to the 32nd floor to check on an alert coming from another guest room, and who was shot six minutes prior to PADDOCK's commencement of shooting towards the concert venue; 4) failing to notice or take precautions against PADDOCK's delivery of guns and/or ammunition to his hotel room; 5) failing to adequately prevent or timely discover PADDOCK's breaking-open of his hotel room windows; 6) failing to notice or take action against PADDOCK's set up of surveillance outside his hotel room; 7) failing to adequately prevent or timely discover PADDOCK's opening of his hotel room windows; 8) failing to adequately train and supervise employees on the reporting and discovery of suspicious individuals and/or person and/or activity; 8) ignoring the "Do Not Disturb" sign on PADDOCK's door; and 9) failing to employ adequate safety measures.

22.    Defendants MGM, and/or MANDALAY CORP., and/or DOES 1 through 100 are further liable for the negligence of their employees pursuant to the doctrine of *respondeat superior*, and the negligence of their agents under the doctrine of Vicarious Liability.

COMPLAINT FOR DAMAGES - 9

23.    At all relevant times, Defendants MGM, and/or MANDALAY CORP., and/or DOES 1 through 100 knew or should have known that it was reasonably foreseeable that a breach of their duties to keep their premises reasonably safe in the aforementioned manner(s) might result in catastrophic injury and harm to others, including hotel staff, guests, neighboring event attendees and concertgoers, such as MS. MAGGIORE, and the community at large.

24.    As a direct and proximate result of Defendant MGM's, and/or MANDALAY CORP.'s, and/or DOES 1 through 100's negligence, Plaintiff MS. MAGGIORE was caused to incur injury to her body and mind, past and future medical expenses, past and future pain and suffering, past and future severe emotional distress, and anticipated lost past and future income.

25.    Due to Defendant MGM's, and/or MANDALAY CORP.'s, and/or DOES 1 through 100's negligence in the foregoing respects, Plaintiff MS. MAGGIORE has been required to retain the services of legal counsel and to incur attorney's fees and costs thereby.

## SECOND CLAIM FOR RELIEF

### NEGLIGENCE – VENUE DEFENDANTS

***Against Defendants MGM, and/or MGM Resorts FESTIVAL, and/or LIVE NATION, and/or ONENATIONGROUP, and/or CSC, and/or DOES 1 through 100***

26.     Plaintiff incorporates by this reference, every allegation contained in this Complaint, as though set forth fully herein.

27.     At all relevant times, Defendants MGM, and/or MGM RESORTS FESTIVAL, and/or LIVE NATION, and/or ONENATIONGROUP, and/or CSC, and/or DOES 1 through 100, had a duty of reasonable care in the protection and safeguarding of persons on the Las Vegas Village premises where the Route 91 Harvest Festival was held in September and October 2017.

28.     Based upon information and belief, Defendants MGM, MGM RESORTS FESTIVAL, and/or LIVE NATION, and/or ONENATIONGROUP, and/or CSC, and/or DOES 1 through 100 breached their duty of reasonable care in the conducting of the aforementioned music festival on the Las Vegas Village premises, including but not limited to:  1) failing to design, build and mark adequate exits in case of emergency; and 2) failing to properly train and supervise employees in an appropriate plan of action in case of a foreseeable event, such as a terrorist attack or other foreseeable emergency.

29.     Defendants MGM, MGM RESORTS FESTIVAL, and/or LIVE NATION, and/or ONENATIONGROUP, and/or CSC, and/or DOES 1 through 100 are further liable for the negligence of their employees pursuant to the doctrine of *respondeat superior*, and the negligence of their agents under the doctrine of Vicarious Liability.

COMPLAINT FOR DAMAGES - 11

30.    At all relevant times, Defendants MGM, MGM RESORTS FESTIVAL, and/or LIVE NATION, and/or ONENATIONGROUP, and/or CSC, and/or DOES 1 through 100, knew or should have known that it was reasonably foreseeable that a breach of their duties to keep their Las Vegas Village concert venue reasonably safe in the aforementioned manner(s) might result in injury and harm to others, including event attendees and concertgoers, such as MS. MAGGIORE.

31.    As a direct and proximate result of MGM RESORTS FESTIVAL, and/or LIVE NATION, and/or ONENATIONGROUP, and/or CSC, and/or DOES 1 through 100's negligence, Plaintiff MS. MAGGIORE was caused to incur injury to her body and mind, past and future medical expenses, past and future pain and suffering, past and future severe emotional distress, and past and anticipated future loss of income.

32.    Due to Defendants MGM, MGM RESORTS FESTIVAL, and/or LIVE NATION, and/or ONENATIONGROUP, and/or CSC, and/or DOES 1 through 100's negligence in the foregoing respects, Plaintiff MS. MAGGIORE has been required to retain the services of legal counsel and to incur attorney's fees and costs thereby.

### THIRD CLAIM FOR RELIEF
### BATTERY
### *Against ESTATE OF STEPHEN PADDOCK*

COMPLAINT FOR DAMAGES - 12

33.     Plaintiff incorporates by this reference, every allegation contained in this Complaint, as though set forth fully herein.

34.     At all relevant times, PADDOCK intentionally and recklessly committed acts which resulted in offensive contact with MS. MAGGIORE's person, including being struck with bullet fragments.  PADDOCK acted with the intent to cause harmful or offensive contact to the crowd of concert-goers at the Route 91 Harvest Festival, including MS. MAGGIORE.

35.     As a direct and proximate result of PADDOCK's battery upon her, Plaintiff MS. MAGGIORE was caused to incur injury to her body and mind, past and future medical expenses, past and future pain and suffering, past and future severe emotional distress, and past and anticipated future loss of income.

36.     Due to PADDOCK's commission of battery upon her, Plaintiff MS. MAGGIORE has been required to retain the services of legal counsel and to incur attorney's fees and costs thereby.

### THIRD CLAIM FOR RELIEF
**ASSAULT**
*Against ESTATE OF STEPHEN PADDOCK*

37.     Plaintiff incorporates by this reference all of the allegations of paragraphs 1 through 47, hereinabove, as though completely set forth herein.

38.     With malicious and evil intent, PADDOCK opened fire into the crowd

of concert-goers at the Route 91 Harvest Festival, intending to cause harmful or offensive contact with concert-goers, including MS. MAGGIORE.

39.     As a direct and proximate result of PADDOCK's intentional conduct, Plaintiff MS. MAGGIORE suffered physical, mental, and emotional injuries.

40.     PADDOCK's conduct was a substantial factor in causing the foregoing injuries.

### FIFTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *Against ESTATE OF STEPHEN PADDOCK*

41.     Plaintiff incorporates by this reference all of the allegations of paragraphs 1 through 47, hereinabove, as though completely set forth herein.

42.     With malicious and evil intent, PADDOCK opened fire into the crowd of concert-goers at the Route 91 Harvest Festival, intending to harm thousands of attendees at the concert, including MS. MAGGIORE.  PADDOCK's intentional act of firing bullets into the Route 91 Harvest Festival crowd resulted in the MS. MAGGIORE being forced to take cover on the ground under her husband, being hit by bullet fragments and suffering extreme mental and emotional distress impacting her relationship with work, friends, and family.

43.      The foregoing conduct is beyond outrageous and beyond acting with conscious disregard of the probability that MS. MAGGIORE, all other concert attendees, and the neighboring community would suffer emotional distress, knowing

COMPLAINT FOR DAMAGES - 14

that the foregoing persons were present when he maliciously and with evil intent, fired bullets into the crown of concert-goers at the Las Vegas Village on October 1, 2017.  PADDOCK's actions were extreme and exceeded all bounds of behavior tolerated in a civilized society.

44.    As a direct and proximate result of PADDOCK's intentional conduct, MS. MAGGIORE suffered severe emotional distress.

45.    PADDOCK's conduct was a substantial factor in causing MS. MAGGIORE's emotional distress.

## SIXTH CLAIM FOR RELIEF
## GROSS NEGLIGENCE

46.    Plaintiff incorporates by this reference all of the allegations of paragraphs 1 through 47, hereinabove, as though completely set forth herein.

47.    Plaintiff alleges that all acts, conduct and omissions on the part of Defendants, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiff's injuries and damages. Defendants' acts and/or omissions, when viewed objectively from the Defendants' standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiff.

COMPLAINT FOR DAMAGES - 15

48.     Defendants' conduct was reckless and/or done with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

49.     As a direct and proximate result of Defendants aforementioned tortious conduct, Plaintiff MS. MAGGIORE was caused to incur injury to her body and mind, past and future medical expenses, past and future pain and suffering, past and future severe emotional distress, and past and anticipated future loss of income.

50.     Due to Defendants' tortious conduct in the foregoing respects, Plaintiff MS. MAGGIORE has been required to retain the services of legal counsel and to incur attorney's fees and costs thereby.

51.     That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for Plaintiff's rights and the rights of those similarly situated. The acts of Defendants each of them should be assessed punitive or exemplary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MS. MAGGIORE prays for relief in the form of a Judgment in her favor, and against Defendants, and each of them, for damages as follows:

1)     For past, present, and future general damages and special damages in an amount in excess of the jurisdictional limits of this Court, according to proof and

COMPLAINT FOR DAMAGES - 16

in accordance with California Code of Civil Procedure section 425.10;

        2)     For costs of suit, reasonable attorney's fees, and interest;

        3)     For pre- and post-judgment interest, according to proof;

        4)     For all statutorily allowed damages, and

        5)     For such other and further relief as the Court may deem just and equitable under the circumstances.

        DATED this 13th day of June, 2018.

                            Respectfully submitted,
                            **HILLIARD MARTINEZ GONZALES LLP**

              By: */s/ T. Christopher Pinedo*
                   T. Christopher Pinedo
                   California Bar No. 237245
                   cpinedo@hmglawfirm.com
                   Robert C. Hilliard (Pro Hac Vice to be Filed)
                   Texas Bar No. 09677700
                   bobh@hmglawfirm.com
                   Marion M. Reilly (Pro Hac Vice to be Filed)
                   Texas Bar No. 24079195
                   marion@hmglawfirm.com
                   Bradford Klager (Pro Hac Vice to be Filed)
                   Texas Bar No. 24012969
                   brad@hmglawfirm.com

                   719 S. Shoreline Boulevard
                   Corpus Christi, Texas 78401
                   T: 361-882-1612
                   F: 361-882-3015

                   hmgservice@hmglawfirm.com
                   *service by e-mail to this address only

COMPLAINT FOR DAMAGES - 17

**SINGLETON LAW FIRM**

By: */s/ Gerald Singleton*
    Gerald Singleton
    California Bar No. 208783
    geraldsingletonlaw@gmail.com

115 W. Plaza Street
Solana Beach, CA 92075
Telephone: (760) 697-1330
Facsimile: (760) 697-1329